## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| J. ANDREW MCKAMIE DDS, d/b/a | ) | |
| CENTER FOR EXCEPTIONAL | ) | |
| DENTISTRY, | ) | |
| Plaintiff, | ) | |
| vs. | ) | CASE NO:  CIV-13-173-C |
| | ) | |
| PATTERSON DENTAL SUPPLY, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:    April 30, 2013

Appearing for Plaintiff:    Michael Loyd

Appearing for Defendant:    James Vogt, Bernick Lifton

## Jury Trial Demanded ☐  -  Non-Jury Trial ☒

1.  **BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

    Plaintiff is an Oklahoma Resident who is a licensed Dentist in Oklahoma whose place of business is 3645 N. Council, Bethany, OK 73008.  Defendant is a Minnesota Corporation with its principal place of business in Minnesota, that sells dental equipment and has offices at 7508 Broadway Extension. Suite 105, Oklahoma City, Oklahoma 73116.

    On or about October 25nd , 2007, Defendant sold to Plaintiff a CEREC milling machine to Plaintiff for the sum of $145,349.00.  Plaintiff contends he is entitled to return the dental equipment.  Defendant contends the Plaintiff is not entitled to return the dental equipment.

2.  **JURISDICTION**.  State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

    Defendant alleges removal and jurisdiction of the court pursuant to 28 U.S.C. sections 1332, 1441, and 1446.  Plaintiff has offices in Oklahoma and is doing business in the state

of Oklahoma.

3.      **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

   1.  The Parties cannot agree to any stipulated facts.

4.      **LEGAL ISSUES**.  State separately, and by party, each disputed legal issue and the authority relied upon.

   For Plaintiff:
   1.  Does Defendant's offices in Oklahoma and doing business in Oklahoma subject the Defendant to the jurisdiction of Oklahoma County District Court?

   2.  Is the letter dated October 22nd, 2007 cancelled by the subsequent contracts or other documents signed by the parties?

   3.  Does the letter of October 22nd, 2007 constitute fraud by the Defendant to induce the Plaintiff to enter into the contract which would give Plaintiff the right to cancel the contract and/or recovery of punitive damages.

   For Defendant:
   1.  Does the signed contract preclude consideration of prior oral or written statements?

   2.  If parol evidence is not precluded, what is the proper interpretation of the parol evidence?

   3.  What damages could be owed in light of the fact that the parol evidence at issue provides that no future payments would be required and no payments remained at the time Plaintiff attempted to return the equipment?

5.      **CONTENTIONS  AND  CLAIMS  FOR  DAMAGES  OR  OTHER  RELIEF SOUGHT**.

   a.      <u>Plaintiff</u>:
         1.  Cancellation of contract and damages for balance on contract at time of notice of rescission and appropriate amount of $67,105.35

         2.  Punitive damages in the sum of $145,349.40.

   b.      <u>Defendant</u>:

1.  No damages claimed.


6.    **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes          ☑ No

7.    **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

None pending.  Defendant anticipates a motion for summary judgment.

8.    **EXHIBITS**.
A.  Plaintiff  - Exhibits same as in Rule 26 Disclosures.

B.  Defendant - Exhibits same as in Rule 26 Disclosures.


9.    **WITNESSES.**
A.  Plaintiff:   List same as in Rule 26 Disclosures.

B.  Defendant: List same as in Rule 26 Disclosures.

10.   **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☑ Yes    ☐ No
If "no," by what date will they be made? _____

11.   **PLAN FOR DISCOVERY**.

A.     The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on _____.

B.     The parties anticipate that discovery should be completed within 6 months.

C.     In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? two months.

D.     Have the parties discussed issues relating to disclosure or discovery of

electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☐ Yes        ■ No

E.    Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☐ Yes        ■ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

_____

F.    Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

_____
_____

12.    **ESTIMATED TRIAL TIME**: 2 days

13.    **BIFURCATION REQUESTED**:    ☐ Yes    ■ No

14.    **POSSIBILITY OF SETTLEMENT**:    ☐ Good    ☐ Fair    ■ Poor

15.    **SETTLEMENT AND ADR PROCEDURES**:

A.    Compliance with LCvR 16.1(a)(1) - ADR discussion:  ■ Yes    ☐ No

B.    The parties request that this case be referred to the following ADR process:

☐ Court-Ordered Mediation subject to LCvR 16.3
■ Judicial Settlement Conference
☐ Other _____
■ None - the parties do not request ADR at this time.

16.   <u>Parties consent to trial by Magistrate Judge?</u>   ☐ Yes   ◼ No

17.   <u>Type of Scheduling Order Requested.</u> ◼ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 26th day of April, 2013.

/s/ Mike Loyd
_____
Michael Loyd
Michael Loyd & Associates
3810 N. Peniel
Bethany, OK 73008
405-787-9950
405-789-0516 - fax
Mloyd@mikeloyd.com
Attorney for Plaintiff

/s/ James Vogt
_____
James Vogt
Reynolds, Ridings, Vogt, & McCart, PLLC
2200 First National Center
120 North Robinson
Oklahoma City, OK 73102
405-232-8131
405-232-7911 - fax
Jimvogt@rrvmlaw.com
Attorney for Defendant